838 F.2d 465
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
COLUMBIA PARK AND RECREATION ASSOCIATION, INC., Plaintiff-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Defendant-Appellee.
 No. 87-2586.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 4, 1987.
Decided: Jan. 12, 1988.
 
 Julie Noel Gilbert (Morgan, Lewis & Bockius, on brief), for appellant.
 Raymond William Hepper, Tax Division, Department of Justice (Michael C. Durney, Acting Assistant Attorney General; Michael L. Paup; Robert S. Pomerance, Tax Division, Department of Justice, on brief), for appellee.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and FRANK A. KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Columbia Park and Recreation Association, Inc., ("CPRA" or "the Association"), a nonstock, not-for-profit corporation organized under Maryland law appeals an adverse determination of the Tax Court in a declaratory judgment action brought by CPRA pursuant to 26 U.S.C. Sec. 7428. The Tax Court held that the Association was not entitled to an exemption from taxation as a charitable organization as provided by Sec. 501(c)(3) of the Internal Revenue Code, 26 U.S.C. Sec. 501(c)(3). We agree.
 
 
 2
 CPRA was formed in 1965 to operate the extensive recreational facilities in Columbia, Maryland. Columbia, a private development in Howard County, Maryland, was established by the Howard Research and Development Corporation in the early 1960's as a model community which would eventually house approximately 110,000 people. At the present, Columbia would, if incorporated, be the second largest city in Maryland. It has remained however, a privately owned development.
 
 
 3
 The recreational facilities in Columbia operated by the Association are supported by an annual assessment on property within the development and by user fees. Although the facilities are open to non-residents upon payment of admission fees, it is undisputed that the fee arrangements available to non-residents are less favorable than those applicable to Columbia residents.
 
 
 4
 Since 1970, the Association has been recognized by the Internal Revenue Service as a tax exempt "social welfare" organization pursuant to Sec. 501(c)(4) of the Internal Revenue Code. In 1982, however, CPRA sought a broader exemption as a "charitable organization under Sec. 501(c)(3) of the Code.[1] If granted, the exemption would allow the Association to use the proceeds of a future issue of tax exempt bonds, a benefit not available to "social welfare" organizations.
 
 
 5
 The Association's request for a Sec. 501(c)(3) exemption was denied administratively on March 21, 1984, after the Commissioner concluded that CPRA was not organized or operated exclusively for a charitable purpose. The Association subsequently filed a petition with the Tax Court contesting the adverse determination. In a petition for a declaratory judgment CPRA contended that it served "no private interests but only the common good and general welfare of the people of Columbia and its environs, which is a category of persons so broad and diverse as to constitute the 'public.' "
 
 
 6
 In a thorough and detailed opinion, the Tax Court denied the Association's petition concluding that CPRA was organized and operated for a disqualifying private purpose, namely the promotion and protection of the interests of the residents of Columbia. The Court specifically rejected the Association's claim that the size of Columbia or its resemblance to a city endowed CPRA functions with any "public character." We find the Tax Court's analysis persuasive.
 
 
 7
 The Association exists for the primary benefit of Columbia and its inhabitants. Columbia, in turn, is a private real estate development, albeit a development of significant size. As the Tax Court soundly noted, however, "mere size" does not transform a private organization into a public one. The term "public" has a universal connotation. To the extent that inhabitants of an area, whatever its size, derive special benefits based upon their residence, they are distinguishable from the members of the general society who do not receive those benefits. An organization, such as CPRA, that provides the special residence benefits is not exclusively organized for a public purpose as required by Sec. 501(c)(3). Accordingly, we affirm the denial of a Sec. 501(c)(3) exemption to CPRA for the reasons expressed by the Tax Court, Columbia Park and Recreation Association, Inc. v. Commissioner of Internal Revenue (88 T.C. No. 1) January 6, 1987.
 
 
 8
 AFFIRMED.